UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Vincent Rashad Cooper

    v.               Case No. 14-cv-11-SM
                                          Opinion No. 2014 DNH 053

New Hampshire State Prison and
Corrections Officer Nimirowski[1]

**O R D E R**

Vincent Rashad Cooper has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, asserting that defendants have violated his rights under the First and Eighth Amendments, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a). Also before the court are Cooper's motion for a restraining order (doc. no. 3) and "Motion to Preserve Hearing Recording" (doc. no. 11).

**Preliminary Review (Doc. No. 1)**

I.   Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and

---

[1] Plaintiff does not provide defendant Nimirowski's first name in the complaint.

inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

II.  Excessive Force Claim

Cooper, a Muslim inmate at the New Hampshire State Prison ("NHSP"), states that on December 10, 2013, NHSP Corrections Officer Nimirowski pushed Cooper twice while Cooper was handcuffed behind his back.  When Cooper asked what Nimirowski's "problem" was, Nimirowski told Cooper that Nimirowski does not like Muslims.

To state an excessive force claim, Cooper must demonstrate that the force used against him "'was applied . . . maliciously and sadistically to cause harm,'" rather than "'in a good-faith effort to maintain or restore discipline.'"  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).  "[D]e minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," however, do not violate the Eighth Amendment.  Hudson, 503 U.S. at 9-10 (internal quotation marks and citations omitted).  "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a

valid excessive force claim." Wilkins, 559 U.S. at 38 (internal quotation marks and citations omitted).

Here, Cooper has failed to allege facts that demonstrate more than a de minimis use of force. Accordingly, he has failed to state an Eighth Amendment violation against Nimirowski.

III. Religious Exercise Claims

Cooper's religion prohibits its followers from eating pork. Cooper asserts that his right to practice his religion, as protected by the First Amendment's Free Exercise Clause and RLUIPA, was violated when he was given meals on two occasions that contained pork.

To make out a claim under either the First Amendment's Free Exercise Clause or RLUIPA, "a plaintiff must initially demonstrate that his sincerely held religious beliefs have been 'substantially' burdened by defendants' conduct – specifically, that the government's action pressured him to commit an act forbidden by his religion, or prevented him from engaging in conduct or experiences mandated by his faith." Lewis v. Zon, 920 F. Supp. 2d 379, 384 (W.D.N.Y. 2013) (citing Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006)). Cooper's allegation that, on two occasions, he was served a meal that contained pork is insufficient to assert a plausible claim that his religious practice has been "substantially burdened" under either the First

Amendment or RLUIPA.  See Lewis, 920 F. Supp. 2d at 385; Walker v. Fischer, No. 9:10-cv-01431(MAD/DEP), 2012 WL 1029614, at *7 (N.D.N.Y. Mar. 26, 2012).

**Motions**

I.   Preliminary Injunctive Relief (Doc. No. 3)

Because Cooper has failed to state any claim upon which relief might be granted, he has necessarily failed to demonstrate that he is likely to succeed on the merits of his underlying claims.  As Cooper must make such a showing in order to obtain preliminary injunctive relief, see Corporate Techs., Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013), his request for preliminary injunctive relief (doc. no. 3) is denied.

II.  Preservation of Hearing Record (Doc. No. 11)

Cooper requests an order directing NHSP officials to preserve a recording of a disciplinary hearing unrelated to the matter in this action.  The motion is denied.

**Conclusion**

For the foregoing reasons, the court finds that Cooper has failed to state any claim upon which relief may be granted. Cooper is granted thirty days from the date of this order to file

an amended complaint, stating plausible claims for relief, or this action will be dismissed.

The motion to preserve hearing record (doc. no. 11) is denied. The motion for preliminary injunctive relief (doc. no. 3) is denied without prejudice to refiling should Cooper demonstrate that this action should not be dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 13, 2014

cc: Vincent R. Cooper, pro se